UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JIMMY STOKES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-17-234-G |
| ANDREW SAUL,<br>Commissioner of Social Security,[1] | ) ) ) ) |
| Defendant. | ) ) |

## ORDER

Now before the Court are two Motions filed through counsel by Plaintiff Jimmy Stokes. First, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, Plaintiff requests authorization for Plaintiff's counsel, Miles L. Mitzner, to seek attorney's fees under 42 U.S.C. § 406(b)(1). *See* Pl.'s R. 60(b)(6) Mot. (Doc. No. 21); *McGraw v. Barnhart*, 450 F.3d 493, 504-05 (10th Cir. 2006). Second, assuming the granting of Plaintiff's first request, Plaintiff moves for an award of attorney fees in the amount of $28,454.88 under 42 U.S.C. § 406(b). *See* Pl.'s Mot. Att'y Fees (Doc. No. 22) at 1, 8.

On September 1, 2017, the Court granted Defendant's Unopposed Motion to Remand (Doc. No. 16), reversed the Acting Commissioner's final decision, and remanded the case for further administrative proceedings under the fourth sentence of 42 U.S.C. § 405(g). *See* Order of Sept. 1, 2017 (Doc. No. 17); J. (Doc. No. 18). On July 10, 2019, the Social Security Administration issued a Notice of Award notifying Plaintiff that he is

---

[1] The current Commissioner is hereby substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d).

entitled to $113,819.52 in past-due benefits. *See* Pl.'s Mot. Att'y Fees at 2, 6-8; Pl.'s Mot. Ex. 2 (Doc. No. 22-2) at 1-2. Accordingly, the Court finds that "[s]ubstantial justice will be served by allowing counsel to seek § 406(b)(1) fees under the authority of Rule 60(b)(6)," *McGraw*, 450 F.3d at 505, and therefore grants Plaintiff's Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6) (Doc. No. 21).

Turning to Plaintiff's request for fees under 42 U.S.C. § 406(b), subsection 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). Any such payment must be made "out of, and not in addition to," the past-due benefits owed to the claimant. *Id.* This subsection "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court" so long as the agreed-upon amount stays within the statute's "25 percent boundary." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). For a fee request that lies within this boundary, "the attorney for the successful claimant" still "must show that the fee sought is reasonable for the services rendered." *Id.*

In his Motion, Plaintiff's counsel requests 25 percent of Plaintiff's total past-due benefits, the percentage stipulated in the fee agreement between Plaintiff and Plaintiff's counsel. *See* Pl.'s Mot. Att'y Fees at 2; Pl.'s Mot. Att'y Fees Ex. 1 (Doc. No. 22-1) at 1. The Commissioner has responded that he takes no position on this request. *See* Def.'s

2

Resp. (Doc. No. 24) at 1-2. The Commissioner correctly notes, however, that the Court previously awarded $5500 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, so if fees are now awarded pursuant to § 406(b), Plaintiff's counsel must refund the lesser award to Plaintiff. *See id.* at 2; Order of Mar. 9, 2018 (Doc. No. 20); *McGraw*, 450 F.3d at 497 & n.2 (10th Cir. 2006).

In accordance with *Gisbrecht*, the Court begins with the amount stipulated in the contingency fee agreement as its baseline—*i.e.* 25 percent of $113,819.52, or $28,454.88. *See Russell v. Astrue*, 509 F. App'x 695, 697 (2013); Pl.'s Mot. Att'y Fees Ex. 1 at 1. Having carefully reviewed the parties' submissions, however, the Court finds that an award of $28,454.88, though within the 25 percent boundary, would not be a "reasonable result[]" in this "particular case[]," *Gisbrecht*, 535 U.S. at 807, and that "a downward adjustment is . . . in order" because "the recovery of past-due benefits for the claimant is 'large in comparison to the amount of time counsel spent on the case.'" *Russell*, 509 F. App'x at 696 (emphasis omitted) (quoting *Gisbrecht*, 535 U.S. at 808).

Plaintiff's counsel expended 25.75 hours working on this case, with additional paralegal assistance of 10.2 hours. *See* Pl.'s Mot. Ex. 3 (Doc. No. 22-3) at 3. Plaintiff's request for $28,454.88 would result in an attorney fee award of approximately $904 per hour (*i.e.* $23,281.75 for 25.75 hours of attorney time) and an approximate paralegal rate of $507 per hour (*i.e.* $5173.13 for 10.2 hours of paralegal time). *See Gisbrecht*, 535 U.S. at 793, 808 (rejecting the "lodestar" method of calculating fee awards under § 406(b) but noting that the district court may consider the hours spent and other factors in contingency-fee cases to help assess "the reasonableness of the fee yielded by the fee agreement").

3

While some courts have assessed the reasonableness of fee amounts under § 406(b) by considering the attorney's normal hourly rates multiplied by 2.5, Plaintiff's counsel's proposed hourly rates are some 4.6 times his typical noncontingent fee rate. *See* Pl.'s Mot. Ex. 3 at 3 (noting that for noncontingent work performed in 2017, counsel's firm charged $196 per hour for attorney time and $110 per hour for paralegal time); *see, e.g.*, *Walker v. Berryhill*, No. CIV-15-01353-R, 2018 WL 6438545, at *2-3 (W.D. Okla. Dec. 7, 2018) (multiplying counsel's typical hourly rate by 2.5 to arrive at reasonable § 406(b) fee award); *Walker v. Saul*, No. CIV-16-703-D, 2019 WL 3323512, at *1 & n.2 (W.D. Okla. July 24, 2019) (same).

While fully recognizing and adhering to *Gisbrecht*'s rejection of sole reliance on lodestar calculations, and further recognizing the increased risk associated with contingency fee cases, the Court finds that an award of $28,454.88—with an effective hourly attorney rate of $904—is excessive and unreasonable. Though within the 25 percent boundary prescribed in § 406(b)(1)(A), an award of $28,454.88 for only 25.75 hours of attorney work and 10.2 hours of paralegal work would constitute the type of windfall disallowed by *Gisbrecht*. *See Gisbrecht*, 535 U.S. at 808 (noting that "a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases" may serve to "aid . . . the court's assessment of the reasonableness of the fee yielded by the fee agreement"); *see also Scherffius v. Astrue*, 296 F. App'x 616, 620 (10th Cir. 2008) (finding no abuse of discretion where district court determined "the effective $442 hourly rate would be a windfall for obtaining a voluntary remand in a substantively easy and routine case"); *Russell*, 509 F. App'x at 696-98

4

(affirming district court's reduction of counsel's request of $17,184.10 to $11,884.10 for 28.1 hours of work and noting that "[t]he fee award . . . , which falls in a middle ground between the request of $611 per hour and counsel's normal rate of $275 per hour, is not beyond the bounds of reasonable judgment or permissible choice").

Accordingly, the Court GRANTS Plaintiff's Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6) (Doc. No. 21). The Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Attorney Fees under 42 U.S.C. § 406(b) (Doc. No. 22) and awards Plaintiff's counsel an attorney's fee in the amount of $15,422.50, which is 2.5 times counsel's normal hourly rates. The Social Security Administration shall pay this fee out of the past-due benefits Plaintiff received by reason of the remand and favorable decision in this case, *see* 42 U.S.C. 406(b)(1)(A), and shall pay the amount directly to Plaintiff's attorney, Miles L. Mitzner of Mitzner Law Firm, P.O. Box 5700, Edmond, Oklahoma 73083. Upon payment, Mr. Mitzner shall promptly refund to Plaintiff the $5500.00 previously awarded under 28 U.S.C. § 2412. *See* Order of Mar. 9, 2018, at 1-2; *McGraw*, 450 F.3d at 497 & n.2.

IT IS SO ORDERED this 30th day of October, 2019.

_____
CHARLES B. GOODWIN
United States District Judge